## Borough of Rochester v. Dove

*J. Frank Kelker,* for plaintiff.

*Wayne S. Luce,* for Benjamin J. Baker, intervening defendant.

KLEIN, J., May 12, 1972.—This matter is before

us on a petition to open the judgment entered upon failure of defendant to plead to plaintiff's complaint. Said petition was presented on September 7, 1971, by the equitable owner of the real estate here involved. Depositions of sundry witnesses were taken on December 8, 1971, and the matter argued on March 27, 1972.

The complaint was filed on July 7, 1970, with the then record owners of the premises being named as defendants. They were an elderly couple, Roy T. Dove and Gladys Dove, his wife. Service of the complaint was had only upon Gladys Dove as Roy T. Dove was deceased. On March 23, 1971, petitioner, Benjamin J. Baker, unrepresented by legal counsel, entered into an agreement to purchase the premises for the sum of $3,600. To date, the said Baker has paid relatively substantial sums for the acquisition and improvement of the premises. Judgment by default for failure to answer had been entered on March 10, 1971, but no adjudication has been requested or made and no final decree entered as required by Pennsylvania Rule of Civil Procedure 1511.

The relief sought by plaintiff borough is:

1. Declaring the premises involved a public nuisance and a dangerous structure;

2. Order defendants to forthwith remove all paper, trash and debris in and about the building; and

3. Order defendants to either demolish and remove said building or restore it to a safe and sanitary condition.

Plaintiff will not be prejudiced by allowing Benjamin J. Baker to intervene as a party defendant; nor by allowing said party the right to file an answer because a hearing must be held in any event to assist the court in its adjudication and in framing the decree: Pa. R. C. P. 1511(b).

Although not raised by petitioner, the fact is that the notice to plead endorsed upon plaintiff's complaint is defective under Pa. R. C. P. 1361 in that it fails to state ". . . or a default judgment may be entered against you." Upon request the default judgment would be stricken: Ream v. Dow Chemical Co., 85 York Leg. Rec. 7 (1971) and cases therein cited.

For these reasons we make the following

### ORDER

And now, to wit, May 12, 1972, it is ordered, adjudged and decreed that the judgment in favor of plaintiff be opened; that petitioner, Benjamin J. Baker, be, and is hereby permitted to intervene as a party defendant; that said petitioner is permitted to file an answer to plaintiff's complaint within 10 days from date hereof; and that a hearing on the merits be held on Wednesday, May 31, 1972, at 9:30 a.m., prevailing time before the undersigned judge.